**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Armand Andreozzi,

Petitioner,

v.

United States Parole Commission,

Respondent.

No. CV-16-00669-PHX-DGC

**ORDER**

On March 9, 2016, Petitioner Armand Andreozzi filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 raising two grounds for relief. Doc. 1. The Court referred the petition to Magistrate Judge Bridget S. Bade. Doc. 3. After Respondent United States Parole Commission had filed its response (Doc. 13) and a supplemental response requested by Judge Bade (Doc. 16), Petitioner filed a motion to amend his petition on October 7, 2016 (Doc. 21). Judge Bade issued a report and a recommendation that the Court deny the habeas petition, and denied Petitioner's motion to amend ("R&R"). Doc. 24. Petitioner filed pro se objections to the R&R (Doc. 19), and the Parole Commission filed a response (Doc. 29). For the reasons set forth below, the Court will deny Petitioner's objections and adopt Judge Bade's recommendation.

**I. Background.**

Judge Bade provided the following summary of Petitioner's sentencing and parole proceedings:

### A. Court-Martial Proceedings and Sentences

On June 12, 1998, Petitioner was convicted of violating several provisions of the Uniform Code of Military Justice. (Doc. 13-1 at 2, 7.) Petitioner was sentenced to confinement for twenty-seven years. (*Id.*) On November 13, 1998, Petitioner pleaded guilty to charges in a second court-martial and was found guilty. (*Id.* at 7.) Petitioner was sentenced to confinement for fifteen years, to run consecutively to his sentence imposed in June 1998. (*Id.*) Petitioner was dishonorably discharged from the U.S. Army. (*Id.* at 8.) In accordance with a Memorandum of Agreement (MOA) between the U.S. Army and the Bureau of Prisons (BOP), in 2006, Petitioner was transferred to the BOP to serve his sentences. (*Id.* at 2.)

### B. Parole Proceedings

On April 29, 2008, the United States Parole Commission (the Commission) conducted an initial parole hearing for Petitioner. (Doc. 13-1 at 11-15.) At the time of the hearing, the Commission had received input from the victim of the first offenses. (Doc. 13-1 at 13.) The Commission calculated Petitioner's parole guideline range as 124-192 months to be served prior to parole, and ordered a presumptive parole date of December 1, 2013, after service of 190 months' confinement. (Doc. 13-1 at 17.) The National Appeals Board (the Board) corrected the parole guideline range to 124-190 months, and otherwise affirmed the Commission's decision on administrative appeal. (Doc. 13-1 at 20-22.)

On June 15, 2010, Petitioner received a statutory interim hearing, conducted by videoconference, before the Commission. (Doc. 13-1 at 23-26.) The Commission ordered no change in the previously-ordered presumptive parole date of December 1, 2013. (Doc. 13-1 at 27-29.) The Board affirmed this decision on administrative appeal. (Doc. 13-1 at 30-31.) On October 26, 2012, Petitioner received another statutory interim hearing before the Commission again conducted by videoconference. (Doc. 13-1 at 32-35.) The Commission ordered no change to the presumptive parole date. (Doc. 13-1 at 36-38.) Petitioner did not administratively appeal that decision.

In a February 1, 2013 notice of action, the Commission notified Petitioner that it was reopening his case under 28 C.F.R. § 2.28(f), based on new adverse information. (Doc. 13-1 at 39-40.) In a March 13, 2013 notice of action, the Commission clarified that, by reopening Petitioner's case, it was rescinding the previous presumptive parole date and scheduling a reconsideration hearing on the next available docket to consider new

adverse information. (Doc. 13-1 at 41-42.)

On June 15, 2013, the Commission conducted the special reconsideration hearing by videoconference. (Doc. 13-1 at 43-47.) The hearing examiner reviewed with Petitioner the new information that would be considered including victim statements, a May 2, 2013 Disciplinary Hearing Officer finding for fighting, and Petitioner's unsuccessful discharge from the sex offender treatment program on February 28, 2012. (*Id.*) Petitioner indicated that he did not know that the victim would participate in the hearing. (*Id.*) The examiner asked Petitioner whether he was prepared to proceed with the hearing, and Petitioner responded that he was ready to proceed. (*Id.*) During the hearing, the hearing examiner heard testimony from the victim of Petitioner's second court-martial conviction, and the victim's father. (Doc. 13-1 at 44-45.) The victim testified to suffering on-going trauma resulting from Petitioner's crimes, including Post Traumatic Stress Disorder and depression. (*Id.*)

Based on the new information presented at the hearing, the Commission concluded that Petitioner was not suitable for parole release, and ordered that he serve his sentence until a fifteen-year reconsideration hearing in April 2023, or to the expiration of his sentence, whichever came first. (Doc. 13-1 at 48-50.) This decision imposed confinement above the guideline range. The Commission explained that its decision was based on its findings that parole would deprecate the seriousness of Petitioner's offenses and promote disrespect for the law, new information about the lasting impact and severe impacts of Petitioner's violent acts on the victims, Petitioner's expulsion from sex offender treatment, and his fight with another inmate:

> After review of all relevant factors and information, a decision above the guideline range is warranted because the Commission finds that your release on parole would depreciate the seriousness of your offenses and promote disrespect for the law. The Commission has received new adverse information in your case that leads to this conclusion. The highly aggravating factors to your offense behavior were previously considered at your initial hearing in April 2008 to set a release date at the top of your guidelines (190 months). However, the Commission was unaware of the lasting and severe impacts that your violent acts continue to have on your victim(s) even many years after the offense. In addition, you have been expelled from the Sex Offender Treatment program and recently engaged in a fight with another inmate.

> (Doc. 13-1 at 49.)
>
> Petitioner administratively appealed this decision to the Board. (Doc. 13-1 at 51-86.) Petitioner raised numerous issues, including whether the information considered at the hearing could be considered "new," and whether he had received appropriate notice of the hearing and material to be considered. (*Id.*) Petitioner did not raise the issues that he presents in the Petition. The Board affirmed the Commission's decision. (Doc. 13-1 at 87-89.)
>
> The Commission ordered that Petitioner receive a statutory interim hearing in 2015. (Doc. 13-1 at 49.) Petitioner, however, waived this hearing on October 28, 2015, the date on which the Commission attempted to conduct the hearing. (Doc. 13-1 at 90-92.) As a result of this waiver, and Petitioner's failure to re-apply for a parole hearing, Petitioner has not received a hearing since June 2013.

Doc. 24 at 3-5.

**II. The Petition and the R&R.**

Petitioner seeks habeas relief on two grounds: (1) 18 U.S.C. § 4208(e) and Petitioner's Fifth Amendment due process rights were violated when his 2010 and 2012 statutory interim hearings and his 2013 reconsideration hearing were conducted by video conference, and (2) 18 U.S.C. § 4208(g) and Petitioner's Fifth Amendment due process rights were violated when Petitioner was denied his right to have a personal conference with the examiner subsequent to the denial of parole at his 2013 reconsideration hearing. Doc. 1 at 4-5.

Judge Bade did not reach the merits of Petitioner's underlying claims because she found that he had not exhausted his administrative remedies by bringing these claims to the National Appeals Board on administrative appeal. Doc. 24 at 6. She also concluded that Petitioner did not satisfy any of the exceptions to the exhaustion requirement. *Id.* at 7. Additionally, Judge Bade denied Petitioner's motion to amend his petition for failure to comply with Local Rule of Civil Procedure 15.1. *Id.* at 2.

/ / /

## III. Petitioner's Objections.

Petitioner first objects to the denial of his Rule 12(f) motion to strike from the record all documents and submissions related to his court-martial proceedings. Doc. 28 at 1-2. According to Petitioner, these submissions are "immaterial and impertinent." *Id.* at 2. Next, Petitioner objects to Jude Bade's denial of his motion to amend. *Id.* Petitioner attaches a copy of his amended complaint, for the first time, and asks that the Court consider it in the service of "judicial economy." *Id.* at 2, 8-14. Finally, Petitioner argues that administrative exhaustion requirements do not apply to habeas petitions and, if they do, he can satisfy all three of the exceptions to those requirements. *Id.* at 3-7. The Court reviews Petitioner's objections de novo; the portions of the R&R to which he does not object will be adopted without further discussion. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## IV. Analysis.

### A. Motion to Strike.

The court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Johnson v. Cal. Medical Facility Health Servs.*, 2015 WL 4508734, at *6 (E.D. Cal. July 24, 2015). "A matter is impertinent if it consists of statements that do not pertain and are not necessary to the issues in question." *Torres v. Goddard*, No. CV-06-2482-PHX-SMM, 2008 WL 1817994, at *1 (D. Ariz. Apr. 22, 2008). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Vesecky v. Matthews (Mill Towne Ctr.) Real Estate, LLC*, No. CV-09-1741-PHX-JAT, 2010 WL 749636, at *1 (D. Ariz. Mar. 2, 2010) (quotation marks omitted). "Any doubt regarding the redundancy, immateriality, impertinence, scandalousness or insufficiency of a pleading must be decided in favor of the non-movant." *Id.*

Petitioner argues that because his petition does not challenge the court-martial proceedings, any documents or submissions related to these proceedings should be struck from the record as "immaterial and impertinent." Doc. 28 at 1-2. Judge Bade found that the records are relevant because they provide context for the habeas petition. Doc. 15. The Court agrees. Petitioner's claims concern his continued incarceration and the adequacy of his parole hearings. Doc. 1. The conviction and sentencing records are relevant to those claims.

**B. Motion to Amend.**

Petitioner sought leave to amend his petition on October 7, 2016, almost seven months after filing his original petition. Doc. 21. When issuing her R&R, Judge Bade denied the motion to amend for failure to submit a proposed amended pleading in compliance with Local Rule 15.1(a).

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Thus, a petition may be amended as a matter of course 21 days after service or 21 days after service of a responsive pleading, whichever is later. Fed. R. Civ. P. 15. Because the deadline for amending as a matter of course has passed, Petitioner may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is given freely "when justice so requires," *id.*, but may be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant leave "is within the discretion of the District Court." *Id.*

"A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). This rule carries

"'the force of law.'" *Eldridge v. Schroeder*, No. CV-14-01325-PHX-DGC-ESW, 2016 WL 354868, at *2 (D. Ariz. Jan. 28, 2016) (citing *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)). Courts in this district "routinely den[y] motions for leave to amend for failure to comply with LRCiv 15.1(a)," *id.* (collecting cases), and it is well within their discretion to do so. *See, e.g.*, *Young v. Nooth*, 539 F. App'x 710, 711 (9th Cir. 2013) ("The district court did not abuse its discretion in denying Young leave to amend his complaint because Young failed to attach a proposed amended complaint as required by local rule.").

Petitioner was required to attach a proposed amended petition to his motion, but did not do so. In addition, his motion did not provide Judge Bade with any indication of what new or altered information the amended petition would contain. The first time any judicial officer saw Petitioner's proposed amended petition was when he provided it to this Court on December 15, 2016, more than a month after Judge Bade issued her R&R. Doc. 28. The proposed additions all appear to relate to Petitioner's 2013 reconsideration hearing. Petitioner provides no explanation for the significant delay in submitting these allegations. *Id.* at 2 (asserting that Respondent "opened the door and gave Pet[itioner] grounds, and standing for an amended petition[,]" but providing no additional information to explain his delay). And Petitioner's motion to amend was filed after Respondent had submitted both its response and its supplemental response to his original petition.

The Court will not overturn Judge Bade's denial of leave to amend. The motion to amend was filed very late in the proceedings, after Respondent had devoted considerable resources responding to the initial petition; it did not concern new information, but instead made arguments about events that occurred some three years earlier; the motion did not comply with Local Rule 15.1; and Petitioner did not describe his proposed changes to Judge Bade or otherwise equip her to make an informed decision on what he proposed to add to this case. Denial of the motion was justified on the bases of undue delay, prejudice to Respondent, and failure to comply with the Local Rules.

Petitioner also objects to Judge Bade's determination that his reply (Doc. 4) is untimely. Doc. 28 at 1. Because Judge Bade considered the reply, the Court need not address this objection.

**C. Exhaustion.**

Judge Bade did not reach the merits of Petitioner's underlying claims because she found that he had failed to exhaust his administrative remedies. Doc. 24 at 8.

"Judicial review of a decision of the Parole Commission is available under 28 U.S.C. § 2241 only after administrative remedies have been exhausted. The administrative remedies, as set forth in 28 C.F.R. § 2.26, provide for appeal to the [National Appeals Board]. Decisions of the National Appeals Board are final for purposes of judicial review." *Weinstein v. U.S. Parole Comm'n*, 902 F.2d 1451, 1453 (9th Cir. 1990) (citations omitted).

Exhaustion of administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum[,]" and conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id.* "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

"Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (citation omitted).

Petitioner does not dispute that he failed to raise his two habeas claims before the National Appeals Board. Doc. 28 at 3; Doc. 24 at 7. Instead, Petitioner contends that the

alleged "violations of § 4208(e) and § 4208(g) became known [to him] in 2015, [when] Pet[itioner] did not have available administrative remedies." Doc. 28 at 3. Petitioner argues that administrative remedies were not available because 28 C.F.R § 2.26(a)(1) requires a prisoner to appeal any decision to the National Appeals Board within 30 days of the decision. *Id.* "If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation." *Sanchez-Alaniz v. Shartle*, No. CV-14-00324-TUC-RCC, 2015 WL 3774432, at *10 (D. Ariz. June 17, 2015) (citations omitted); *Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) ("Cause and prejudice may excuse a procedural default of administrative remedies.").

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir.1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n. 10. Petitioner asserts that he did not learn of the violations underlying his claims until 2015, when he researched and reviewed statutes, Parole Commission regulations, and applicable case law. *See* Doc. 1 at 4. He does not show that this late discovery resulted from some objective, external factor that impeded his efforts to comply with the procedural rules, and thus he has not shown cause.

Petitioner also contends that he has already written a letter to the Parole Commission requesting administrative relief concerning his claims. Doc. 28 at 4 (citing Doc. 14 at 12). Petitioner argues that Respondent's failure to respond to this letter demonstrates that exhaustion of administrative remedies would be futile. *Id.* But a failure of the Parole Commission to respond to Petitioner's letter does not establish that

appeal to the National Appeals Board would be futile. This "argument assumes that the [Parole] Commission speaks for the National Appeals Board. It does not. If it did, exhaustion would always be futile, and the exhaustion requirement would be nonsensical." *Medrano v. U.S. Parole Comm'n*, No. CV 14-2294 TUC JGZ, 2015 WL 631281, at *3 (D. Ariz. Feb. 13, 2015). Additionally, a court within the Central District of California considering the same issue concluded that "an appeal to the National Appeals Board would not have been futile since, on appeal, the Board would have considered the Sixth Circuit's decision in *Terrell v. United States*, 564 F.3d 442 (6th Cir. 2009), which supports petitioner's claim that a videoconference parole hearing violates his rights under 18 U.S.C. § 4208(e)." *Wooton v. U.S. Parole Comm'n*, No. CV 09-7906-VBF (RC), 2010 WL 2682387, at *4 (C.D. Cal. Apr. 12, 2010). Petitioner has not shown that pursuing administrative remedies would be futile.[1]

Additionally, Petitioner has not shown that the actions of the agency in conducting video hearings "clearly and unambiguously violate statutory or constitutional rights." *Terrell v. Brewer*, 935 F.2d at 1019. While the Sixth Circuit found in *Terrel v. U.S.* that videoconference parole hearings violate § 4208(e), the Ninth Circuit has yet to decide this issue. A court in the Central District of California has shown that it is inclined to follow the Sixth Circuit, but that decision is not binding here. *See Morrow v. U.S. Parole Comm'n*, No. CV 12-700 DSF RZX, 2012 WL 2877602, at *2 (C.D. Cal. Mar. 20, 2012). What is more, the *Morrow* court decided only that the videoconference argument was *likely* to succeed on the merits. *Id.* This is not sufficient to show that videoconference parole hearings "clearly and unambiguously" violated Petitioner's statutory rights. Judge Bade also noted that Respondents provide plausible arguments as to why *Terrell v. U.S.* and *Morrow* are wrongly decided. Doc. 24 at 7 (citing Doc. 16 at 5-8). Other courts within the Ninth Circuit have also concluded that the use of videoconference in parole hearings is not a clear and unambiguous violation of statutory rights. *See, e.g., Franks v.*

---

[1] Petitioner also contends that this letter shows he has exhausted his administrative remedies. But exhaustion of administrative remedies requires appeal of a claim concerning a parole hearing to the National Appeals Board. *Weinstein*, 902 F.2d at 1453.

*Sanders*, No. CV 09-8690-CBM CW, 2012 WL 4107740, at *4 (C.D. Cal. July 13, 2012). The Court agrees.

Finally, Petitioner has failed to show that administrative remedies are inadequate to prevent irreparable injury. *See Terrell v. Brewer*, 935 F.2d at 1019; *Mangum v. Ives*, No. CV 13-4276-MWF RNB, 2013 WL 5755493, at *4 (C.D. Cal. Oct. 23, 2013); *Salinas-Becerra v. Woodring*, No. CV 08-3018-VBF RNB, 2008 WL 4224563, at *2 (C.D. Cal. Sept. 11, 2008).

Because Petitioner did not exhaust his administrative remedies or establish that he satisfies any of the exceptions to the exhaustion requirement, the Court will dismiss his claims without prejudice.

**IT IS ORDERED:**

1. Magistrate Judge Bridget S. Bade's R&R (Doc. 24) is **accepted.**
2. The Petition for writ of habeas corpus (Doc. 1) is **denied** without prejudice.
3. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied.**
4. The Clerk of the Court is directed to **terminate** this action.

Dated this 3rd day of February, 2017.

David G. Campbell
United States District Judge